UNITED STATES of America,
Plaintiff-Appellee,

v.

Ray Salazar BROWN, Jr.,
Defendant-Appellant.

No. 75–1810.

United States Court of Appeals,
Ninth Circuit.

Aug. 20, 1975.

James M. Wilkes, Tucson, Ariz., for defendant-appellant.

William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

## OPINION

Before TRASK and SNEED, Circuit Judges, and PLUMMER,* District Judge.

## PER CURIAM:

Brown was convicted at a jury trial of one count of illegal importation of cocaine, 21 U.S.C. §§ 952(a), 960(a)(1), and one count of possession with intent to distribute the cocaine, 21 U.S.C. § 841(a)(1).

Appellant claims that there was insufficient evidence to connect him with the cocaine at issue. Brown was stopped at the Nogales, Arizona Port of Entry and taken to a customs office. His pockets were searched when he was taken to a search room and he was then returned to the customs office. Upon receiving further information about appellant, the customs agent took Brown back to the search room for a strip-search. While Brown was in the search room another agent found a cigarette pack containing the cocaine on a sink in the customs office. This evidence was the basis for appellant's conviction. There was testimony by various agents present in the customs office at the time that no other person could have left the cocaine on the sink. One agent testified that he observed appellant standing at the sink during the time he was in the office. He said that Brown had his hands in front of him in a strange manner with his back to the office and facing the sink. There were other suspects in the room at the time, but the agents testified that they could not have left the cigarette pack on the sink.

■ From a careful examination of the record this court is convinced that there was an evidentiary basis for the decision reached by the jury and "[i]t is immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable." *United States v. Manuel-Baca*, 421 F.2d 781, 783 (9th Cir. 1970). It cannot be said that the evidence in this case was insufficient to support the jury verdict.

■ Brown also assigns as error the giving of the following instruction to the jury:

"If you find that the law has not been violated as charged, you should not hesitate for any reason to return a verdict of not guilty. If, however, you find that the law has been violated as charged, you shouldn't hesitate for any reason to return a verdict of guilty because of some emotional problem like one of sympathy or bias or prejudice."

Appellant is correct in his assertion that the words "beyond a reasonable doubt" should have been inserted in the instruction.[1] *United States v. Petersen*, 513 F.2d 1133 (9th Cir. 1975). However, since there was no objection to the instruction at trial, the error does not require reversal unless it was so prejudicial as to constitute plain error. *United States v. Urbanis*, 490 F.2d 384, 386–87 (9th Cir.), *cert. denied*, 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974).

■ In the present case the trial judge advised the jury at seven different points in the instructions that they must find the defendant guilty beyond a reasonable doubt. In its instruction on the presumption of innocence the court used the phrase. So, also, in its instructions on the quantum of proof necessary for a verdict of guilty, the court charged as to each count that the Government was required to prove its elements "beyond a reasonable doubt." The court used the same phrase in stating the burden of the

* Honorable Raymond E. Plummer, Senior United States District Judge, District of Alaska, sitting by designation.

1. The instruction should have read in pertinent part:

"If, however, you find *beyond a reasonable doubt* that the law has been violated as charged, you shouldn't hesitate . . . ." (Addition italicized.)

Government to prove "every essential element" of the crime charged. Again, in stating the rule for finding guilt by circumstantial evidence, the jury was told that it must "be satisfied of the defendant's guilt beyond a reasonable doubt." The instruction on proof of the elements of possession was couched in terms of "beyond a reasonable doubt," as was the character of his participation in the crime. The portion of the instruction under question had to do with bias and prejudice as it might affect a juror's verdict. We are not persuaded that a jury on hearing the frequent mention of the limiting phrase as to "beyond a reasonable doubt" in this case could have been confused. We find that the jury was fairly apprised of the Government's burden of proof and conclude, therefore, that the error in omitting the words "beyond a reasonable doubt" from the particular instruction complained of does not require reversal under the plain error rule.

■ Appellant further complains that the district court erred in not declaring a mistrial because the prosecutor introduced a statement by Brown at trial in violation of a rule of the district court. While being searched appellant allegedly made a statement to the customs agent that he had been strip-searched at the Port of Entry before and he wanted to know if they were going to do this to him every time he came through. Under a rule of the district court this statement should have been revealed to the appellant 15 days before the trial if it were going to be used. It was not revealed in compliance with the rule. However, appellant has made not the slightest showing that he could have excluded the statement if he had notice. Further, he did not move to strike the statement. Under the circumstances, appellant has not shown that he suffered prejudice from the error and the district court was not incorrect in denying a mistrial.

Finally, appellant claims the court below erred by denying a mistrial because of the improper admission of hearsay testimony. At two points in the trial a customs agent testified that as a result of information received from the Customs Service T.E.C.S. computer he decided to subject appellant first to a search and then to a strip-search.[2] Appellant asserts that the response of the machine was hearsay and damaging to appellant because it indicated that he had something in his past which was of a negative or criminal character sufficient to motivate the agent to investigate further.

■ The statement by the agent that he acted on information supplied by the machine is not hearsay because it was not offered to prove the truth of the response of the machine. *See United States v. Walling*, 486 F.2d 229, 234 (9th Cir. 1973), *cert. denied*, 415 U.S. 923, 94 S.Ct. 1427, 39 L.Ed.2d 479 (1974); *Busby v. United States*, 296 F.2d 328, 332 (9th Cir. 1961); *McCormick's Handbook of the Law of Evidence* 587 (2d ed. Cleary ed., 1972). Since it was not hearsay, appellant may not complain of it, as it was otherwise admissible.

The judgment is affirmed.

---

2. The computer contains information about persons the Customs Service considers suspect.