UNITED STATES of America,
Plaintiff-Appellee,

v.

Alfred J. CUSINO, Defendant-Appellant.

No. 81–1631.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 1982.

Decided Dec. 7, 1982.

J. Frank McCabe, San Francisco, Cal., for defendant-appellant.

Mark N. Zanides, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before BROWNING, PREGERSON, and POOLE, Circuit Judges.

PREGERSON, Circuit Judge:

Cusino appeals his conviction of one count of mail fraud and six counts of wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. He contends that the evidence was insufficient to support a guilty verdict and that the district court erred in giving and omitting certain jury instructions. At oral argument the Government conceded that the evidence was insufficient to support the mail fraud conviction. We affirm the conviction of six counts of wire fraud.

FACTS

In 1975 Cusino began to seek buyers for an invention which he declared could amplify energy by a ratio of 9:1. Convinced by Cusino's claims of successful demonstrations of the invention, several individuals formed a corporation, Multi-Power, to raise capital to purchase the device. During the period from March 1977 through August 1978, Multi-Power received $1,248,000. Of this amount, $916,000 was paid out in checks naming Cusino as payee. Some of the payments to Cusino were wired from a Nevada bank to a California bank after checks drawn by investors in Multi-Power had been wired from California to the Nevada bank.

## ANALYSIS

### I. Sufficiency of the Evidence

■ Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences, there was relevant evidence from which the jury could reasonably have found the defendant guilty beyond a reasonable doubt. *E.g., United States v. Larios,* 640 F.2d 938, 940 (9th Cir.1981).

#### A. Furtherance of the Scheme to Defraud

■ Cusino argues first that the "contents" of the six wire transmissions alleged in the indictment were not proved because there was no evidence showing that the drawers of the checks wired to Nevada were defrauded, or that any of the money in question was ever transferred to Cusino for his own benefit. Although Cusino is correct in his assertion that the Government had to prove the contents of the six transmissions in order to show that the wires were used in furtherance of the scheme to defraud, such contents can be proved by circumstantial evidence. *United States v. Garner,* 663 F.2d 834, 838 (9th Cir.1981), *cert. denied,* 456 U.S. 905, 102 S.Ct. 1750, 72 L.Ed.2d 161 (1982). Here, the Government established that all Multi-Power funds came from investors, either through loans or purchases of shares, and that nearly three-quarters of those funds were paid directly to Cusino. Such evidence was sufficient.

■ Cusino next contends that the alleged transmissions somehow thwarted his scheme. This contention has no merit. Whether or not the Nevada location of Multi-Power's bank account was a matter of Cusino's choosing, that location made the wires useful to him in obtaining funds from the corporation. Usefulness to the perpetrator is sufficient under section 1343. *Cf.*

1. Since both sections 1341 and 1343 outlaw use of the mails or wire communications "for the purpose of executing" the scheme to defraud, the sections are *in pari materia* and are to be given similar construction. *See United States*

*United States v. Bohonus,* 628 F.2d 1167, 1173 (9th Cir.) (construed 18 U.S.C. § 1341 and held that mailings need not be essential to scheme to defraud, but must be made for purpose of executing scheme), *cert. denied,* 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980).[1]

#### B. Specific Intent

■ Cusino contends that the Government failed to prove that he had a specific intent to defraud investors. Intent can be inferred from statements and conduct. *United States v. Beecroft,* 608 F.2d 753, 757 (9th Cir.1979). Fraudulent intent is shown if a representation is made with reckless indifference to its truth or falsity. *Id.* The evidence establishing that Cusino made extravagant claims for his "energy multiplier" clearly showed an intent to defraud.

### II. Jury Instructions

#### A. Elements of Wire Fraud

Cusino asserts that the trial court erred in instructing the jury on the elements of wire fraud because (1) the jury was informed that it had to find that Cusino had devised *a* scheme (as opposed to *the* alleged scheme), and (2) the jury was not informed that it had to find that the wire transmissions were made with a specific intent to carry out an essential element of the scheme.

■ Although there may be room for argument about the appropriate standard for measuring instructional errors, *see United States v. Valle-Valdez,* 554 F.2d 911, 916–17 (9th Cir.1977), Cusino's first objection fails under either applicable standard—more probably than not harmless or harmless beyond a reasonable doubt. Jury instructions are to be examined as a whole. *United States v. Park,* 421 U.S. 658, 673–75, 95 S.Ct. 1903, 1912–13, 44 L.Ed.2d 489 (1975). Here, the trial court read the entire indict-

*v. Tarnopol,* 561 F.2d 466, 475 (3d Cir.1977); *United States v. Pollack,* 534 F.2d 964, 971 (D.C.Cir.), *cert. denied,* 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 292 (1976).

ment to the jury and instructed them that the scheme to be proved had to be substantially the one alleged. The indictment refers to Multi-Power Corporation as the entity used by Cusino to solicit investments.

■ Cusino's second objection also fails. The specific intent requirement under 18 U.S.C. § 1343 pertains to the scheme to defraud, *cf. Bohonus*, 628 F.2d at 1174 (prosecution must prove that mail fraud defendant acted with intent to defraud), not to the causing of wire transmissions. One "causes" use of the mails or wire communications where such use can reasonably be foreseen, even though not specifically intended. *United States v. Maze*, 414 U.S. 395, 399, 94 S.Ct. 645, 647, 38 L.Ed.2d 603 (1974).

### B. Omission of Instruction on Good Faith

■ Having failed to object before the district court, Cusino contends on appeal that the record supported an instruction that good faith is a complete defense to charges under section 1343. Inasmuch as good faith is the obverse of intent to defraud, *United States v. Westbo*, 576 F.2d 285, 289 (10th Cir.1978), the district court's instruction that the jury had to find that Cusino acted with a specific intent to defraud can be deemed an instruction on good faith. Thus, there was no "plain error." Fed.R.Crim.P. 52(b).

### C. Instruction on Burden of Proof

■ Counsel also failed to object at trial to an instruction which this Court has condemned several times. *E.g., United States v. Brown*, 522 F.2d 10, 11 (9th Cir.1975). Our condemnation, however, does not lead to an automatic reversal. In *Brown*, the trial judge advised the jurors at seven points that they had to find the defendant guilty beyond a reasonable doubt. Here, there were ten references to "beyond a reasonable doubt" in the instructions. Thus, the issue is not sufficiently close to require reversal.

### D. Combination of Errors

Cusino finally argues that the combination of instructional errors constitutes plain error. This contention ignores the principle that jury instructions are to be examined as a whole. *Park*, 421 U.S. at 673–76, 95 S.Ct. at 1912–13. Taken as a whole, the instructions here were adequate.

The conviction of six counts of wire fraud is AFFIRMED. The conviction of one count of mail fraud is REVERSED.