UNITED STATES of America, Appellee,

v.

James Larry GRAINGER, Appellant.

No. 82–5185.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 9, 1982.

Decided March 3, 1983.

Certiorari Denied May 23, 1983.
See 103 S.Ct. 2129.

■

---

Judith M. Zeigler, Virginia Beach, Va. (Guy, Cromwell, Betz & Lustig, Virginia Beach, Va., on brief), for appellant.

Raymond A. Jackson, Asst. U.S. Atty., Norfolk, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., Susan Ferrell, Third Year Law Student, on brief), for appellee.

Before HALL, MURNAGHAN and SPROUSE, Circuit Judges.

K.K. HALL, Circuit Judge:

James Larry Grainger appeals from his jury conviction of interstate transportation of property worth more than $5,000.00, knowing that it had been taken by fraud, in violation of 18 U.S.C. § 2314. Finding no error in the judgment below, we affirm.

In February, 1982, Grainger was indicted under 18 U.S.C. § 2314 for causing to be transported in interstate commerce on or about July 3, 1980, a check worth $7,400.00, which he knew had been taken by fraud. He was tried by a jury in April, 1982, and found guilty as charged. From this conviction he now appeals.

### I.

The evidence adduced at trial reveals that on May 14, 1980, appellant Grainger, owner of Grainger Boat Sales, Inc., in Raleigh, North Carolina, sold a boat to Gregory Ireland. At the time of the transaction, Ireland, a general contractor from Tidewater, Virginia, gave Grainger a personal check drawn on the Virginia National Bank (VNB) for $7,400.00, dated May 14, 1980. This check was accepted by Grainger on the condition that it would be replaced by Ireland, who would wire $7,400.00 to Grainger's bank, the Branch Bank & Trust Co. (BB & T) in Raleigh, North Carolina, on May 15, 1980. The sales contract bears a written notation of this agreement to replace the check with wired funds. Ireland had the VNB wire the money on May 15, 1980, and he placed a stop payment on the personal

check.[1] Grainger's bank account was credited with the wired funds for $7,400.00 on May 15 and the deposit was noted on his bank statement of May 30, 1980. His bank statement also shows that Grainger wrote checks against this deposit during May.

Grainger denied receiving notice of the wire deposit from his bank and testified that he did not know the funds had been deposited by wire on May 15, 1980. He further testified that he did not keep regular notations of his bank balance in his checkbook and that he delegated reconciliation of his bank statements to his part time bookkeeper. Nevertheless, the evidence at trial clearly showed that Grainger was in control of his checkbook, and, in fact, used it to run his business, which was bankrupt by September, 1980. The evidence also confirmed that his bank account had a history of frequent overdrafts.

■ According to Grainger's trial testimony, he forgot about Ireland's check until June 30 or July 1, 1980. He said that, upon discovering it, he deposited it into his BB & T account on July 2, 1980. By this time, however, the date on the check had been altered from May 14 to May 24, 1980. At trial, Grainger was unable to explain how this alteration occurred. In any event, when the VNB honored the check, $7,400.00 was transferred from Virginia to Grainger's North Carolina bank account on July 2, 1980.[2] Before the deposit, Grainger's account reflected a balance of $157.86. By July 31, 1980, after writing checks against this deposit, his account balance was reduced to $3.57.

## II.

On appeal Grainger argues that his conviction under 18 U.S.C. § 2314 should be set aside because the evidence fails to show that he had the requisite fraudulent intent

1. The stop payment was not successful because the VNB erroneously noted stop payment on a $74,000.00 check. The stop payment was not correctly placed on Ireland's check until July 16, 1980.

2. To satisfy the "interstate transportation" requirement in a prosecution under 18 U.S.C.

at the time he took the $7,400.00 check from Ireland on May 14, 1980. We cannot agree with this contention, which in our view misconstrues the requirements of the statute under which the appellant was convicted.

■ 18 U.S.C. § 2314 reads, in pertinent part, as follows:

Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in, or to be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more . . .

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

In the first place, it should be noted that Grainger was indicted under paragraph 1 of 18 U.S.C. § 2314 and, therefore, was not charged with having devised a scheme or artifice to defraud, as provided under paragraph 2 of the statute. Therefore, appellant's arguments contending that there was no evidence of any scheme to defraud are misplaced, because such proof is unnecessary to sustain Grainger's conviction under paragraph 1 of the statute.

The issue in this appeal is: when did the fraudulent taking, required for a conviction under paragraph 1 of 18 U.S.C. § 2314,

§ 2314, the government need only show that the defendant knowingly cashed a check in one state drawn on an out-of-state bank. *Pereira v. United States,* 347 U.S. 1, 9, 74 S.Ct. 358, 363, 98 L.Ed. 435 (1954); *United States v. Boone,* 460 F.2d 1285 (4th Cir.1972).

occur? Appellant contends that there was no evidence showing he intended to defraud Ireland when he accepted his check on May 14, 1980. Appellant's view, however, completely ignores the events subsequent to May 14, including the fact that on July 2, 1980, Grainger took the check to his bank, deposited it into his checking account, and immediately wrote checks against the deposit.

 As the trial court noted in a post-verdict memorandum opinion, denying Grainger's motions for judgment of acquittal and a new trial, fraud is a broad term, which includes false representations, dishonesty, and deceit. It may result from reckless and needless representation even when not made with a deliberate intent to deceive. The jury was instructed on the definition of fraud and "obtained by fraud" and appellant has not challenged these instructions.

Intent to defraud can be found from circumstantial evidence and is a question for the trier of fact. *United States v. Walls,* 577 F.2d 690, 696 (9th Cir.1978). Under the circumstances of this case, the evidence of intent to defraud was sufficient to support the jury's verdict. In addition to the unexplained alteration of the date of the check, the jury had evidence from which it could reasonably conclude that Grainger knew he had been paid once for the boat sale and was not entitled to a second payment at the time he deposited the check on July 2. The jury also had evidence showing that Grainger, whose bank account was frequently overdrawn, was in need of funds and realized immediate financial gain upon depositing the check, enabling him to write numerous checks during the month of July. Given these facts, the jury could well conclude beyond a reasonable doubt that the deposit of Ireland's check on July 2, 1980, constituted a fraudulent taking of property within the meaning of 18 U.S.C. § 2314. *Cf. Myrick v. United States,* 332 F.2d 279 (5th Cir. 1964).

III.

For the foregoing reasons, we conclude that there was ample and sufficient evidence to support the verdict of guilt beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Sherman,* 421 F.2d 198, 199–200 (4th Cir.), *cert. denied,* 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970). Accordingly, the judgment of conviction under 18 U.S.C. § 2314 is affirmed.

AFFIRMED.