SESSIONS TANK LINERS, INC. dba
Southwest Tank Liners, Inc.,
Plaintiff–Appellant,

v.

JOOR MANUFACTURING, INC., et al.,
Defendants–Appellees.

Nos. 86–6208, 86–6470.

United States Court of Appeals,
Ninth Circuit.

July 22, 1988.

Before SNEED, BOOCHEVER and THOMPSON, Circuit Judges.

SNEED, Circuit Judge:

This case was before this court previously, 827 F.2d 458 (9th Cir.1987). Petitions for writ of certiorari were filed in the Supreme Court of the United States. These petitions were remanded to us for further consideration, —— U.S. ——, 108 S.Ct. 2862, —— L.Ed.2d —— in the light of *Allied Tube & Conduit Corp. v. Indian Head, Inc.,* 486 U.S. ——, 108 S.Ct. 1931, 100 L.Ed.2d 497 (1988).

After examining *Allied Tube & Conduit Corp.* carefully, it is clear that we must remand this case to the district court for further proceedings. The Supreme Court explicitly rejected the approach this court adopted in its disposition of this case. *Id.* at —— n. 10, 108 S.Ct. at 1941 n. 10. The Supreme Court has made clear that the context and nature of the efforts of Joor Manufacturing, Inc. to influence the Western Fire Chiefs Association (WFCA) to amend its influential fire code must "be evaluated under the standards of conduct set forth by the antitrust laws that govern the private standard-setting process." *Id.* at ——, 108 S.Ct. at 1942.

Although the Supreme Court did not establish a bright line rule, it did state:

Although we do not here set forth the rules of antitrust liability governing the private standard-setting process, we hold that at least where, as here, an economically interested party exercises decision-making authority in formulating a product standard for a private association that comprises market participants, that party enjoys no [*Eastern Railroad Presidents Conference v.*] *Noerr* [*Motor freight, Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961)] immunity from any antitrust liability flowing from the effect the standard has of its own force in the marketplace.

*Id.*

It is our belief that further proceedings in the district court are necessary to determine the extent to which Sessions Tank Liners, Inc. has established an antitrust violation on the part of Joor Manufacturing, Inc.

REMANDED.