26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Warren ZARETSKY, Defendant-Appellant.
 No. 93-50638.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Warren Zaretsky appeals his fifteen-month sentence imposed following entry of a guilty plea to four counts of wire fraud, in violation of 18 U.S.C. Sec. 1343. Zaretsky contends (1) the district court erred by making an upward adjustment in his offense level based upon its finding that Zaretsky intended a loss of $218,000, and (2) the government breached the plea agreement by failing to recommend a sentence at the low end of the applicable Guideline range. We have jurisdiction under 28 U.S.C. Sec. 1291 and vacate and remand.
 
 
 3
 * Background
 
 
 4
 Zaretsky and Jack Lerman owned and operated Warren Z, Inc., ("Warren Z") a clothing manufacturer. Zaretsky and Lerman contracted with Capital Factors ("Capital") whereby Capital agreed to buy outstanding accounts receivable from Warren Z for 80% of the accounts' value. Capital required that Warren Z deposit $150,000 as a cash reserve for the benefit of Capital. Soon after the contract was implemented, Warren Z began sending Capital on a daily basis falsified documents indicating that merchandise had been delivered to customers and that Warren Z therefore had outstanding accounts receivable. Based upon these documents, Capital transferred more than $400,000 into Warren Z's accounts. Some of the "pre-billed" merchandise orders were eventually filled. Capital, however, paid over $229,000 to Warren Z for merchandise that was never shipped to customers.
 
 
 5
 Capital discovered the fraud and used the $150,000 deposit to offset some of its loss. Capital sued Zaretsky and Lerman, and the parties reached a settlement in which Zaretsky and Lerman agreed to pay $68,000 over a three year period. Pursuant to the settlement Lerman paid nearly $6,000, but Zaretsky failed to pay anything as required by the settlement.
 
 
 6
 Zaretsky and the government stipulated in the plea agreement that the amount of loss was no more than $218,000, and at the change of plea hearing the district court was informed that the parties had modified the agreement so that Zaretsky could argue that the amount of loss was less than $218,000. Zaretsky argued at sentencing that the actual loss to Capital was $52,786.36, or the amount that Capital had so far been unable to recoup. While the district court agreed with Zaretsky regarding the actual loss, the district court found that the intended loss to Capital was $218,000.
 
 II
 Amount of Loss
 
 7
 Zaretsky argues that amount of loss for the purposes of sentencing should have been no greater than $52,786.39, because he intended to repay Capital and therefore the intended loss was zero.
 
 
 8
 We review de novo the district court's legal interpretation of the Guidelines and for clear error the district court's finding on the amount of loss to the victim. United States v. Nazifpour, 944 F.2d 472, 473-74 (9th Cir.1991).
 
 
 9
 In calculating the offense level pursuant to U.S.S.G. Sec. 2F1.1(b), the district court must use the greater of the intended loss and the actual loss at the time of sentencing. See U.S.S.G. Sec. 2F1.1, comment. (n. 7); United States v. Shaw, 3 F.3d 311, 313 (9th Cir.1993).
 
 
 10
 One element of the crime of wire fraud is a fraudulent scheme in which the defendant possesses the specific intent to defraud. See United States v. Clevenger, 733 F.2d 1356, 1358 (9th Cir.1984); United States v. Cusino, 694 F.2d 185, 187-88 (9th Cir.1982), cert. denied, 461 U.S. 932 (1983). A defendant who pleads guilty to wire fraud admits that he had the specific intent to defraud. United States v. Davis, 922 F.2d 1385, 1392 (9th Cir.1991).
 
 
 11
 Here, Zaretsky and Lerman generated false documents on a daily basis, failed to fill over $200,000 worth of orders pre-billed to Capital, and did not stop their fraudulent actions until after Capital discovered the fraud. Zaretsky presented no evidence that he intended to use the cash reserve to repay Capital for the money fraudulently obtained from Capital. Furthermore, Zaretsky agreed to repay Capital $68,000 only after Capital sued Zaretsky, and he made no payments pursuant to the settlement. Finally, Zaretsky's citation to fraudulent loan cases is inapposite. See, e.g., Shaw, 3 F.3d at 312-13 (where the defendant fraudulently obtains a loan or line of credit, the district court must determine the actual loss and whether the defendant subjectively intended to repay the loan and sentence the defendant based on the higher of the two figures). Zaretsky did not fraudulently obtain loans with an obligation to repay Capital. Instead, he was engaged in a series of fraudulent sales, and by pleading guilty Zaretsky admitted his intent to defraud. See Davis, 922 F.2d at 1392. The district court's finding that Zaretsky intended a loss of at least $218,000 was not clear error. See Nazifpour, 944 F.2d at 473-74. Accordingly, the district court properly determined Zaretsky's adjusted offense level.
 
 III
 Breach of Plea Agreement
 
 12
 The government concedes that it breached the plea agreement at the sentencing hearing by failing to recommend to the district court a sentence at the low end of the Guideline range and agree that the case be remanded for resentencing. Accordingly, we vacate Zaretsky's sentence and remand to the district court for resentencing whereupon the government shall recommend a sentence of twelve months' imprisonment in accordance with the plea agreement.
 
 
 13
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3