UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                          No. 00-4892

GUY A. BERMES,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-98-460)

Submitted: April 27, 2001

Decided: May 23, 2001

Before LUTTIG, MICHAEL, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Kenneth M. Mathews, Columbia, South Carolina, for Appellant. Scott N. Schools, United States Attorney, Eric Wm. Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Guy Bermes appeals his convictions after a jury trial of one count of wire fraud, in violation of 18 U.S.C. §§ 1343, 2 (1994) and one count of transmitting and causing to be transmitted in interstate commerce a security that was taken by fraud, in violation of 18 U.S.C. §§ 2314, 2 (1994). On appeal, Bermes asserts three arguments that the evidence was insufficient to establish his guilt. Because we conclude the evidence was sufficient, we affirm.

Bermes' convictions resulted from his activities in soliciting investments purportedly to finance the development of a resort project on Great Exuma island in the Bahamas. In particular, the charged offenses resulted from Bermes' actions related to investments of $25,000 each by two investors.

This court reviews a jury verdict for sufficiency of the evidence by determining whether there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdict. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *See United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be 'confined to cases where the prosecution's failure is clear.'" *United States v. Jones*, 735 F.2d 785, 791 (4th Cir. 1984) (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)). In evaluating the sufficiency of the evidence, this Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

Bermes first asserts that the evidence was insufficient to prove that he formed a scheme to defraud others and used the interstate wires to

effect such a scheme, as charged in count one. To prove wire fraud in violation of 18 U.S.C. § 1343, the Government must prove (1) the existence of a scheme to defraud that involved a material falsehood, and (2) the use of interstate wire communications to facilitate the scheme. *See Neder v. United States*, 527 U.S. 1, 25 (1999); *United States v. ReBrook*, 58 F.3d 961, 966 (4th Cir. 1995). The Government must also prove fraudulent intent. *See* 18 U.S.C. §§ 1341, 1343 (1994). Fraudulent intent may be inferred from the totality of the circumstances rather than by direct evidence. *See United States v. Ham*, 998 F.2d 1247, 1254 (4th Cir. 1993). Indeed, proof of this element of the offense is satisfied by "the existence of a scheme which was 'reasonably calculated to deceive persons of ordinary prudence and comprehension,' and this intention is shown by examining the scheme itself." *United States v. Green*, 745 F.2d 1205, 1207 (9th Cir. 1984) (quoting *United States v. Bohonus*, 628 F.2d 1167, 1172 (9th Cir. 1980)). While an investor may be defrauded by "deliberately false statements of fact," *United States v. Painter*, 314 F.2d 939, 943 (4th Cir. 1963), "[f]raudulent intent is shown if a representation is made with reckless indifference to its truth or falsity." *United States v. Cusino*, 694 F.2d 185, 187 (9th Cir. 1982).

In this case, the evidence showed an extensive and continuing pattern of deceit and falsifications by Bermes that began with his initial negotiations regarding the development project. Moreover, Bermes repeatedly failed to perform obligations he voluntarily assumed in agreements he entered into with the property owner and investors. Our review of the evidence convinces us that it establishes that Bermes developed a scheme to defraud.

Bermes next contends that the evidence was insufficient to prove that he used interstate wire transfers to further the scheme to defraud. The defendant need not specifically cause the use of the mails or interstate wires; it is sufficient if the use of these modes of transmission is reasonably foreseeable in the execution of the scheme. *See United States v. Loayza*, 107 F.3d 257, 265 (4th Cir. 1997). One investor, at Bermes' instruction, deposited his check in Bermes' investment account at a broker's office in Columbia, South Carolina. Bermes' account with this company was originated, and business transacted, through the company's office in Knoxville, Tennessee, where Bermes resided. The record contains evidence sufficient to

show that Bermes was aware that use of interstate wires would be an incident of the scheme, as Bermes instructed the investor to deposit his check in Bermes' account and provided the account number, and then used the money deposited into his account shortly after it was deposited. It is obvious that in order for Bermes to access this money in Tennessee, an interstate wire transfer of the deposit in South Carolina was required. We are convinced that the evidence demonstrates that use of the interstate wire transfer of these funds was fully anticipated by Bermes.

Bermes final argument on appeal is that the evidence is insufficient to prove that the $25,000 investment that was the subject of count two of the indictment, was the product of a fraudulent act by Bermes. In the context of § 2314, this Court has held that "fraud is a broad term, which includes false representations, dishonesty, and deceit. It may result from reckless and needless representation even when not made with a deliberate intent to deceive." *United States v. Grainger*, 701 F.2d 308, 311 (4th Cir. 1983). As discussed above, an abundance of evidence demonstrates that the second investor's transmittal of a $25,000 cashier's check to Bermes by Federal Express resulted from Bermes' misrepresentations and deceit. This argument is without merit.

We are convinced that substantial evidence supports Bermes' convictions. Accordingly, we affirm Bermes' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court.

*AFFIRMED*