**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Betty Ann RUBIN, Defendant—Appellant.**

No. 01–50475.

D.C. No. CR–99–00507–ER–04.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Nov. 18, 2002.

Before CYNTHIA HOLCOMB HALL, DAVID R. THOMPSON, and WARDLAW, Circuit Judges.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Betty Ann Rubin ("Rubin") appeals from her conviction on one count of conspiracy; eight counts of mail fraud; seven counts of securities fraud; and twenty-one counts of money laundering.

## I.

We first address Rubin's claim that she was denied effective assistance of counsel. "[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255, and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal." *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984). Such claims can be considered on direct appeal "only where the record is sufficiently developed to permit determination of the issue or where legal representation is so inadequate as to obviously deny [appellant] his Sixth Amendment right to counsel." *United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir.2000). We find that there is not sufficient evidence in the record to permit determination of the issue. We accordingly choose not to address this issue on the merits.

## II.

We now turn to Rubin's claim of error with regard to her proposed jury instruction on the advice of counsel defense. The invited error doctrine does not apply because there is no evidence that Rubin relinquished a known right. *See United States v. Perez,* 116 F.3d 840, 845 (9th

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.1997) (en banc). We therefore review for plain error. *See id.* at 846.

To the extent that the district court may not have instructed the jury that the advice of counsel defense was not a complete defense to all counts, we find no plain error. The advice of counsel defense is merely a different version of the good faith defense. *See Bisno v. United States,* 299 F.2d 711, 719 (9th Cir.1961). A criminal defendant has no right to a good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crimes charged. *See United States v. Bonanno,* 852 F.2d 434, 440 (9th Cir.1988); *United States v. Green,* 745 F.2d 1205, 1209 (9th Cir.1984); *United States v. Cusino,* 694 F.2d 185, 188 (9th Cir.1982). Here, the jury was adequately instructed with regard to the intent required to be found guilty of the crimes charged.

We also find no plain error in the fact that the instruction used the words "willful and deliberate" rather than the word "intent" which was used in other parts of the jury instructions. Rubin's contention that *Williamson v. United States,* 207 U.S. 425, 28 S.Ct. 163, 52 L.Ed. 278 (1908), requires a court to use the word "intent" in any advice of counsel jury instruction is without merit. A cursory reading of *Williamson* will show this.

District courts have wide discretion in how to precisely word a jury instruction. *See United States v. Patterson,* 292 F.3d 615, 629 (9th Cir.2002). The use of the words "willful and deliberate" rather than the word "intent" was not an abuse of discretion.

The district court is AFFIRMED.