**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Vernell Joe PETRY, Defendant— Appellant.**

No. 02–30199.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2003.*

Decided June 10, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, BRUNETTI, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Vernell Petry ("Petry") appeals the district court's denial of his motion for judgment of acquittal. The Spokane Municipal Court imposed a restraining order against Petry on January 25, 2001. The restraining order specifically advised Petry of the restriction against possessing a firearm as long as the order remained in effect. On February 23, 2001, Petry was arraigned for violating the restraining order. At no point did Petry indicate any confusion about the status of the restraining order.

Less than two weeks later, while the restraining order was still in effect, Petry attempted to buy back a semiautomatic pistol he had previously pawned. The pawn shop required him to fill out ATF Form 4473, on which he replied "no" to a question asking whether he was subject to any restraining orders. Petry was ultimately denied the purchase after a background check, and was then arrested for making false statements in connection with an attempted purchase of a firearm.

After his arrest, Petry voluntarily admitted that he knew he was not permitted to have any guns, and that he was denied the firearm purchase because of the restraining order. Petry was convicted at trial. He subsequently filed a motion for entry of judgment of acquittal, which was denied, and is currently serving a term of supervised release.

Petry essentially contends that the government failed to prove that he intentionally lied on Form 4473. The pertinent statute provides:

> It shall be unlawful ... for any person in connection with the acquisition or attempted acquisition of any firearm ... knowingly to make any false or fictitious oral or written statement ... intended or likely to deceive [the dealer] ... with respect to any fact material to the lawfulness of the sale or other disposition of such firearm.

18 U.S.C. § 922(a)(6). We must affirm the judgment if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Yossunthorn*, 167 F.3d 1267, 1270 (9th Cir. 1999) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Petry's voluntary admissions, in and of themselves, are sufficient to support the verdict that he knowingly made a false statement intended or likely to deceive the firearms dealer, especially when viewed in the prosecution's favor. Given the timing of events and the clarity of the restraining order, Petry's failure to seek confirmation of the status of the restraining order at the arraignment or before he filled out the ATF form is also sufficient to establish fraudulent intent. *See United States v. Cusino*, 694 F.2d 185, 187 (9th Cir.1982) ("Fraudulent intent is shown if a representation is made with reckless indifference to its truth or falsity.").

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.