UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 03-4361

WILLIAM A. BRENNAN, III,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LISA M. BRENNAN, d/b/a Pre-Owned       No. 03-4376
Auto Outlet, Incorporated, d/b/a
Alliance Auto Auction,
Incorporated,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-02-59)

Submitted: November 21, 2003

Decided: January 15, 2004

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS, P.C., Roanoke, Virginia; Bernard L. Spaulding, SPAULDING LAW OFFICES, Logan, West Virginia, for Appellants. John L. Brownlee, United States Attorney, Morgan E. Scott, Jr., First Assistant United States Attorney, Roanoke, Virginia, Thomas E. Booth, DEPART-MENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Lisa M. Brennan and William A. Brennan, III, husband and wife, appeal their convictions and sentences for conspiracy to commit fraud, in violation of 18 U.S.C. § 371 (2000), transportation of stolen goods in interstate commerce, in violation of 18 U.S.C. § 2314 (2000), mail fraud, in violation of 18 U.S.C. § 1341 (2000), and wire fraud, in violation of 18 U.S.C. § 1343 (2000).

William Brennan asserts that the district court erred in refusing to allow his trial counsel the opportunity to show cause for his untimely notice of intent to present an insanity defense. However, a close review of the record reveals that the district court heard and considered trial counsel's reasoning for the untimely motion before it denied the motion. We conclude that the district court properly denied the motion. Fed. R. Civ. P. 12.2(a); *United States v. Veatch*, 674 F.2d 1217, 1224-25 (9th Cir. 1981); *United States v. Cecil*, 836 F.3d 1431, 1444 (4th Cir. 1988).

Lisa Brennan contends that the district court erred in failing to rule on her outstanding motion for a severance. Because she did not object in the district court, her claim is reviewed for plain error. *United*

*States v. Olano*, 507 U.S. 725, 734 (1993). While it appears that the district court neglected to issue a ruling on this motion, we conclude that any error did not affect Lisa's substantial rights, nor did it seriously affect the fairness, integrity, or public reputation of the trial. *Olano*, 507 U.S. at 734; *United States v. Najjar*, 300 F.3d 466, 473 (4th Cir.), *cert. denied*, 537 U.S. 1094 (2002).

The Brennans contend that the district court erred in denying their motion for a judgment of acquittal because the evidence was not sufficient to support their conviction for violating section 2314. This Court reviews the district court's decision to deny a motion for judgment of acquittal de novo. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Viewing the evidence in a light most favorable to the Government, and assuming that the jury resolved all contradictions in the testimony in favor of the Government, we conclude that there is substantial evidence to sustain the convictions. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998); *United States v. Grainger*, 701 F.2d 308, 311 (4th Cir. 1983). Accordingly, we affirm the district court's denial of the motion for judgment of acquittal. *Gallimore*, 247 F.3d at 136.

The Brennans assert that the district court erred in failing to issue further instructions to the jury in response to their question during deliberations. Because the Brennans did not object at trial, the claim on appeal is reviewed for plain error. *Olano*, 507 U.S. at 734. We conclude that the district court's decision to refer the jury back to its original instructions was a proper exercise of discretion, which fairly responded to the jury's question and created no prejudice. *United States v. Horton*, 921 F.2d 540, 546 (4th Cir. 1990) (stating that the court has broad discretion in responding to a question from the jury); *United States v. United Medical & Surgical Supply Corp.*, 989 F.2d 1390, 1406-07 (4th Cir. 1993). Accordingly, we find no reversible error on appeal. *Olano*, 507 U.S. at 734.

Finally, Lisa Brennan contends that the district court erred by denying her motion for a downward departure pursuant to *U.S. Sentencing Guidelines Manual* § 5K2.12. Because the district court clearly understood that it had the authority to depart, its choice not to depart from the applicable sentencing guidelines range is not subject

to appellate review. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990).

We affirm the sentences and convictions of both Lisa and William Brennan. We deny Lisa Brennan's motion for release on bond pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*