**UNITED STATES of America, Plaintiff–Appellee,**

v.

**George ANCHETA, Defendant–Appellant.**

**No. 93–10590.**

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 1994.*

Decided Oct. 26, 1994.

---

\* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Richard L. Hoke, Honolulu, HI, for defendant-appellant.

Thomas Muehleck, Asst. U.S. Atty., Honolulu, HI, for plaintiff-appellee.

Before: LEAVY and KLEINFELD, Circuit Judges, and MARSH,** District Judge.

MARSH, District Judge:

Defendant George Ancheta appeals his convictions for distribution of crystal methamphetamine and conspiracy to possess crystal methamphetamine with intent to distribute. Ancheta also appeals the sentence imposed on him under the Sentencing Guidelines, contending that the district court should not have increased his offense level based on his obstruction of justice. We affirm the district court in both respects.

** Honorable Malcolm F. Marsh, United States District Judge for the Northern District of Oregon, sitting by designation.

## I.

### FACTS AND PROCEEDINGS BELOW

On April 14, 1991, Sonny Arceo, a Drug Enforcement Administration (DEA) informant, spoke with a Robert Deguzman concerning the purchase of four to five ounces of crystal methamphetamine. Deguzman introduced Arceo to Artemio Calderon, who offered to obtain the methamphetamine for Arceo.

The next day, after several abortive attempts, Arceo and Calderon arranged to meet in a local park to conclude the transaction. Arceo and an undercover police officer waited in a car at the park. Deguzman arrived in a car driven by Ancheta. Deguzman left the car and completed the drug sale. Government agents then arrived and arrested Deguzman and Ancheta.

Following his arrest, Ancheta told the agents that he had driven into the park alone. He denied any knowledge of crystal methamphetamine. Later, at the local DEA office, Ancheta explained that he had been looking for his girlfriend and had driven into the park by mistake. He insisted that he was alone and did not know Deguzman. Ancheta admitted that he knew what crystal methamphetamine was, but denied any role in selling it.

On May 2, 1991, a federal grand jury indicted Ancheta, along with Calderon, Deguzman, and another party, for distribution of crystal methamphetamine and conspiracy to possess crystal methamphetamine with intent to distribute. Ancheta's first two criminal trials ended in mistrials. Ancheta's third trial began on June 8, 1993.

At trial, Calderon stated that he had engaged Ancheta to deliver the drugs to Arceo. Another government witness testified that he had obtained crystal methamphetamine from Ancheta in the past. For his part, Ancheta contended that he had been on his way to his girlfriend's house and had merely given Deguzman a ride to the park without knowing about the drug sale.

The jury found Ancheta guilty on both counts. At sentencing, the court found that Ancheta had provided materially false statements to investigating officers, and that Ancheta had perjured himself at trial. Despite expressing misgivings that Ancheta's sentence was already adequate, the court increased Ancheta's base offense level under the Sentencing Guidelines by two points for obstruction of justice. The court then sentenced Ancheta to 151 months imprisonment, the minimum sentence within the applicable Guidelines range. Ancheta timely appeals both the conviction and the sentence.

## II.

### DISCUSSION

A. *Errors in Conspiracy Instruction*

In presenting its oral instructions to the jury, the district court inadvertently charged them that, "[i]n order for the defendant to be found guilty of [conspiracy], the *defendant* must prove each of the following elements beyond a reasonable doubt." The district court further misinstructed the jury that "[O]ne becomes a member of a conspiracy by *merely* participating in the unlawful plan" rather than by *willfully* participating in the plan.

■ Ancheta failed to object to the erroneous instructions at trial. Accordingly, this court will review only for plain error. *United States v. Kessi,* 868 F.2d 1097, 1102 (9th Cir.1989). Plain error is a highly prejudicial error affecting substantial rights, and is found only in exceptional circumstances. *Id.* at 1102–03. "On appeal, the adequacy of jury instructions is not determined by the giving of any one instruction, but by examining the instructions as a whole." *United States v. Boekelman,* 594 F.2d 1238, 1240 (9th Cir.1979).

■ Considering the jury instructions as a whole, we hold that neither of the trial court's miscues rises to the level of plain error. First, although the district judge did misstate the burden of proof once, the instructions as a whole were not plainly erroneous. The Eleventh Circuit has affirmed a conviction under substantially similar facts. *See United States v. Gold,* 743 F.2d 800 (11th Cir.1984), *cert. denied,* 469 U.S. 1217, 105 S.Ct. 1196, 84 L.Ed.2d 341 (1985). In *Gold* the trial judge erroneously instructed the

jury that it was *not* necessary to find beyond a reasonable doubt that a defendant acted knowingly. *Id.* at 821. The Eleventh Circuit found the error harmless, observing that the trial court permitted the jury to take a correct copy of the instructions with them during deliberations and repeatedly reminded them of the reasonable doubt standard in other instructions. *Id.* at 822; *See also United States v. Brown,* 522 F.2d 10, 11 (9th Cir.1975) (per curiam) (although district court erred by omitting reasonable doubt standard in one instruction, no plain error occurred; other instructions repeatedly reminded jury of reasonable doubt standard).

Here, as in *Gold,* the remaining instructions repeatedly and exhaustively reminded the jury of the proper legal standard. *See, e.g.,* SER 93: "[T]he defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him." Further, the court provided the jury with written instructions that properly stated the government's burden of proof. Both parties discussed the correct burden of proof in closing argument. Finally, the district court's erroneous charge was a complete *non sequitur.* Obviously, the defendant would have no desire, much less an obligation, to prove the elements of his offense.[1]

■ The district court's statement that the jury could find Ancheta guilty for "merely" participating in the conspiracy also was not plainly erroneous. Again, the conspiracy instruction contained numerous other proper statements of the required mental state. *See* SER 110 ("The defendant is charged ... with conspiring to *knowingly* distribute ... crystal methamphetamine."); *id.* (requiring jury to determine whether "the defendant became a member of the conspiracy knowing of its objective and intending to help accomplish it"). The erroneous reference to mere participation itself was immediately followed by a stern caveat: "On the other hand, one who has no knowledge of a conspiracy, but

happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a member merely by associating with one or more persons who are conspirators." *Id.* at 111. Considering the conspiracy instruction as a whole, the district court's misstatement was not plainly erroneous. *See United States v. Neilson,* 471 F.2d 905, 908 (9th Cir.1973) (omission of willfulness element harmless where "the instructions in their entirety adequately covered the element of intent").

The judge provided the jury with proper written instructions. We do not suggest that written instructions necessarily repair an error in oral instructions, since often oral instructions are used to cure typographical and other errors in written instructions. Nevertheless, here there is no reason to suppose that any juror was confused by the judge's slip of the tongue, and probably they understood him to say orally what he meant to say and did say in the written instructions. It was incumbent upon defense counsel to object if the judge erroneously instructed the jury, Fed.R.Crim.P. 30, because the slip of the tongue could easily have been corrected before the jury retired to deliberate. The absence of objection suggests that the mistake was not noticeable or confusing. There is no plain error.

### B. *Obstruction of Justice*

■ Ancheta next contests the district court's decision to increase his offense level for obstruction of justice. The district court's determination that Ancheta obstructed justice is a factual finding reviewed for clear error. *United States v. Barbosa,* 906 F.2d 1366, 1369 (9th Cir.), *cert. denied,* 498 U.S. 961, 111 S.Ct. 394, 112 L.Ed.2d 403 (1990). The district court's legal construction of the related sentencing guideline is reviewed *de novo. United States v. Madera–Gallegos,* 945 F.2d 264, 266 (9th Cir.1991).

■ Ancheta first argues that the increase in base level is discretionary, not mandatory, and that the district court should have been

---

1. We also note that *Gold* was decided under the more stringent "harmless error" standard, rather than the "plain error" standard here. *See Gold,* 743 F.2d at 822.

free to not impose the increase in light of its belief that his punishment was already adequate. We disagree. The applicable guideline for obstruction of justice, section 3C1.1, declares: "If the defendant willfully obstructed or impeded ... the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by two levels." U.S.S.G. § 3C1.1. This language is mandatory, not discretionary.

In *United States v. Dunnigan,* —— U.S. ——, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), the Supreme Court rejected a defendant's argument that, because section 3C1.1 is mandatory and inflexible, a defendant should not face an increase in sentence for perjury at trial. In so doing, the Court expressly and unanimously observed that the fact "that the enhancement stems from a congressional mandate *rather than from a court's discretionary judgment* cannot be grounds ... for its invalidation" *Id.* at ——, 113 S.Ct. at 1118 (emphasis added). The Court also noted that "[u]pon a proper determination that the accused has committed perjury at trial, an enhancement of sentence *is required* by the Sentencing Guidelines." *Id.* at ——, 113 S.Ct. at 1119 (emphasis added). Accordingly, the First, Second, Fourth, Fifth, and Sixth Circuits have held that, once a district court finds a defendant has obstructed justice, imposition of the two-level enhancement is mandatory. *United States v. Velgar–Vivero,* 8 F.3d 236, 242 (5th Cir.1994), *cert. denied,* —— U.S. ——, 114 S.Ct. 1865, 128 L.Ed.2d 486, *and cert. denied,* —— U.S. ——, 114 S.Ct. 2715, 129 L.Ed.2d 840 (1994); *United States v. Friedman,* 998 F.2d 53, 58 (2d Cir.1993); *United States v. Medina,* 992 F.2d 573, 591 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 371 (1994); *United States v. Ashers,* 968 F.2d 411, 414 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 673, 121 L.Ed.2d 596 (1992); *United States v. Austin,* 948 F.2d 783, 788 (1st Cir.1991). In light of the relevant guideline's unconditional terms, we agree with these courts and hold today that the two-level enhancement is mandatory, not discretionary, once a district court determines that a defendant has obstructed justice.

■ Ancheta next contends that the district court did not make sufficient findings to support its sentence enhancement. Specifically, he argues that the district court should have explained how his false statements actually impeded the investigation or trial of his offense.

■ This argument suffers from multiple defects. First, it is not necessary that a defendant's false statements actually mislead or impede the machinery of justice, only that they have the potential for doing so. *United States v. Baker,* 894 F.2d 1083, 1084 (9th Cir.1990) ("[S]ection 3C1.1 on its face encompasses 'attempted' obstruction of justice as well as actual obstruction.").

Second, the district court made clear that it was basing its decision on Ancheta's persistent attempts to distance himself from his codefendants, which began with his statements to investigating officers in the park and concluded with his testimony at trial. There was no need for the court to explain the obvious potential these falsehoods had for obstruction of justice.

■ Third, the district court made sufficient factual findings to support the enhancement. "[A] district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice ... under the perjury definition ... set out [by the Supreme Court]." *Dunnigan,* —— U.S. at ——, 113 S.Ct. at 1117. The required findings are (1) false testimony, (2) on a material matter, (3) with willful intent. *Id.* at ——, 113 S.Ct. at 1116. Here, the district court referred to Ancheta's statements at the park and his "obvious" intent to "separate himself from any criminal culpability of the ... other defendants at the park." The court concluded that Ancheta obstructed justice "in providing a materially false statement to a law enforcement officer that significantly obstructed or impeded that officer from the proper prosecution of the case." These statements are similar to the factual findings endorsed by the Supreme Court in *Dunnigan.* There, the district court had stated "that the defendant was untruthful at trial with respect to material matters in this case," and found an

enhancement warranted "by virtue of [defendant's] failure to give truthful testimony on material matters that were designed to substantially affect the outcome of the case." *Dunnigan,* —— U.S. at ——, 113 S.Ct. at 1117.

As the district court's findings with regard to Ancheta's statements to law enforcement officers suffice to support an enhancement for obstruction of justice, we need not address its findings with regard to its alternative basis for enhancement, Ancheta's alleged perjury. *See United States v. Hernandez–Valenzuela,* 932 F.2d 803, 805 (9th Cir.1991) ("As the obstruction of justice enhancement here was proper on at least one ground, remand is not required.").

AFFIRMED.