91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Remedios Reyes PENAFLOR, Defendant-Appellant.
 No. 95-10062.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1996.*
Decided July 18, 1996.
 
 Before: WOOD,** CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Remedios Reyes Penaflor appeals her conviction and sentence for importation of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(b)(1), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Penaflor argues that the district court abused its discretion in allowing the government to cross-examine her about her divorce petition, income tax returns, birth certificate, and immigration declaration.[1] She claims that they are not prior bad acts, or proper impeachment as they are "extrinsic and collateral" under Fed.R.Evid. 608(b), and that they are substantially more prejudicial than probative. We disagree.
 
 
 4
 Penaflor testified at trial, denying she knew that the box she was carrying had ice in it, and called character witnesses who testified to her honesty. As Penaflor's credibility was at issue, proof that she had previously made false statements (including on her tax returns, under the penalty of perjury) was relevant and not unduly prejudicial. See United States v. Jackson, 882 F.2d 1444, 1446 (9th Cir.1989) (holding that "evidence of a witness' participation in fraudulent transactions is probative of truthfulness," and citing cases involving a witness's false credit card applications, false license applications, and prior false statements). Referring to Penaflor's divorce petition did not run afoul of Fed.R.Evid. 608's extrinsic evidence bar as it was used for purposes of impeachment only and was not admitted into evidence. Jackson, 882 F.2d at 1448-49 (holding that government's reference to written statement was admissible under Rule 608(b) where government did not introduce extrinsic evidence but instead questioned witness about contents of document). Penaflor's tax returns were properly admitted as they went to show her unexplained wealth, United States v. Sanchez-Robles, 927 F.2d 1070, 1078 (9th Cir.1991), and were not improperly also used to show that she made a false statement under penalty of perjury.
 
 II
 
 5
 Penaflor argues that the district court erred in admitting evidence of unexplained wealth because she put on evidence that explained it, and in failing, sua sponte, to instruct the jury to disregard it. She further contends that her counsel was ineffective for failing to raise the "unexplained finances" issue. We disagree.
 
 
 6
 "[E]vidence of sudden or unexplained wealth is admissible in drug conspiracy trials if it creates a reasonable inference that the unexplained wealth came from the drug [offense]." United States v. Miguel, 952 F.2d 285, 289 (9th Cir.1991) (citation omitted). Accord United States v. Ordonez, 737 F.2d 793, 811 (9th Cir.1983) (holding that tax returns were properly admissible because the jury could properly infer that the defendant's large expenditures must have come from an illegal source). Evidence of Penaflor's large cash deposits in her checking account, her lavish lifestyle, and her large credit card charges, when contrasted with her modest reported income, created a reasonable inference that the unexplained wealth came from the narcotics offense; Penaflor's evidence that her wealth came from legitimate family sources simply created an issue for the jury and did not require the district court either to rule that evidence of unexplained wealth was inadmissible or to instruct the jury to disregard it.
 
 
 7
 We decline to reach Penaflor's ineffective assistance of counsel claim on direct appeal. United States v. Vgeri, 51 F.3d 876, 882 (9th Cir.1995).
 
 III
 
 8
 Penaflor argues that the district court abused its discretion by granting a two-level increase under U.S.S.G. § 3C1.1 for obstruction of justice because no witnesses testified that Penaflor knew about the drugs and there is no evidence that she made inconsistent statements. However, we cannot say that the district court clearly erred in finding that Penaflor provided materially false testimony at trial and that her statements were materially inconsistent. United States v. Ancheta, 38 F.3d 1114, 1117 (9th Cir.1994). She gave conflicting (and incredible) accounts about how she got the drug box and testified that she did not know there were drugs in the box.
 
 IV
 
 9
 Penaflor argues that the district court erred in refusing to depart downward for aberrant behavior. As the district court recognized that it had authority to depart on this ground, but declined to do so, its discretionary decision is not reviewable on appeal. United States v. Beamon, 992 F.2d 1009, 1015 (9th Cir.1993).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Penaflor offers no argument about the birth certificate and immigration declaration, and has therefore waived any issue as to them. Leer v. Murphy, 844 F.2d 628, 834 (9th Cir.1988)