94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald James COOPER, Defendant-Appellant.
 No. 95-10444.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant-appellant Donald James Cooper ("Cooper") appeals his 41 month sentence under the Sentencing Guidelines, imposed following his guilty plea to defrauding a federal agency in violation of 18 U.S.C. § 1001. We have jurisdiction of this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.
 
 DISCUSSION
 I. Obstruction of Justice
 
 3
 Cooper contends the district court erred by adjusting his sentence upwards for obstruction of justice under U.S.S.G. § 3C1.1. That section provides for a two level increase in offense level for willfully obstructing or impeding "the administration of justice during the investigation, prosecution or sentencing of the instant offense." U.S.S.G. § 3C1.1. One example of obstructing justice is "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, Application Note 3(b). We review the district court's factual findings to support an obstruction of justice upward adjustment for clear error. United States v. Ancheta, 38 F.3d 1114, 1117 (9th Cir.1994). Moreover, the district court's evaluation of the reliability of a witness is reviewed for an abuse of discretion. United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.1993), amended, 992 F.2d 1015, cert. denied, 510 U.S. 1040 (1994).
 
 
 4
 In the case at bench, the district court found that Cooper had obstructed justice by procuring, or attempting to procure false testimony from witnesses, and by giving untruthful testimony during the sentencing hearing. Cooper argues this finding is erroneous, effectively because the court found the prosecution's witnesses to be credible, while rejecting Cooper's own testimony. Upon review of the record, we conclude there is overwhelming evidence that Cooper attempted to suborn perjury, and committed perjury during the sentencing hearing. Accordingly, the district court did not clearly err by imposing the upward adjustment for obstruction of justice.
 
 II. Acceptance of Responsibility
 
 5
 Cooper also contends the district court erred by failing to reduce his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. That section provides for a two level decrease in offense level in certain circumstances where "the defendant clearly demonstrates acceptance of responsibility." U.S.S.G. § 3E1.1. Whether a defendant has accepted responsibility for a crime is a factual determination reviewed for clear error. United States v. McKinney, 15 F.3d 849, 842 n. 6 (9th Cir.1994).
 
 
 6
 In this case, the court found that Cooper had not "clearly" demonstrated acceptance of responsibility because, although he acknowledged guilt, he did not show true remorse. Instead, the court found that Cooper continued "to be evasive and to prevaricate." This conclusion is adequately supported by the record. The district court therefore did not clearly err by refusing to decrease Cooper's sentence.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3