97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio MARTINEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan CLARK, Defendant-Appellant.
 Nos. 96-30043, 96-30060.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 4, 1996.
Decided Sept. 19, 1996.
 
 Before: WRIGHT, BEEZER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Antonio Martinez was indicted for and convicted of conspiracy to distribute and distribution of cocaine while defendant Alan Clark was indicted for and convicted of conspiracy to distribute cocaine. Both Martinez and Clark were originally sentenced pursuant to base offense levels calculated on the assumption they negotiated for between 15 and 50 kilograms of cocaine. Although both defendants objected, the district court failed to explain its factual findings regarding the amount of cocaine attributed to each. In light of counsel's contention that not only did the district court err in failing to explain its findings but the record could not support such findings, we reversed and remanded for the district court to identify those portions of the record upon which it relied.
 
 
 3
 Upon remand, the district court imposed the identical sentences using the identical base offense levels. The district court did not make any oral findings regarding the facts in the record supporting its decision. Instead, it directed the government to prepare written findings, which the district court adopted verbatim. It is these findings we now review.
 
 I.
 
 4
 According to the district court's written findings, Martinez was responsible for 15 to 50 kilograms of cocaine because he delivered 13 kilograms for his cousin Augustin Nava, he knew this delivery was part of a much larger delivery that was planned, he intended to make additional deliveries for Nava, and he was aware that Nava was a major drug dealer involved in distributing over 15 kilograms of cocaine.
 
 
 5
 Even if the record supports a finding that Martinez was aware that Nava was a major drug dealer involved in distributing more than 15 kilograms of cocaine, such a finding is insufficient to sentence Martinez based on more than the 13 kilograms he actually delivered. See Illustration (c)(5) and (c)(7) to Application Note 2 to U.S.S.G. § 1B1.3. Thus, whether the district court's decision to sentence Martinez for between 15 and 50 kilograms is clearly erroneous[1] depends on whether the record contains evidence that supports the district court's other two findings: that Martinez knew his delivery was part of a much larger deal and that he intended to make additional deliveries for Nava.
 
 
 6
 In support of these findings, the district court cites pages 171 through 174 of the trial transcript, which is the trial testimony of Special Agent Duane Stickles, who testified about a conversation between himself, Martinez and Hal Bradley. Having reviewed these pages of the transcript, we find that although Stickles testified that he, Martinez and Bradley discussed that the delivery was intended to be 200 rather than 13 kilograms, he did not testify that Martinez indicated that he had agreed to deliver 200 kilograms or that he otherwise had prior knowledge that the shipment was intended to be 200 kilograms. Furthermore, the transcript of the conversation about which Stickles testified does not support his characterization of the conversation, i.e., that he and Martinez discussed why Nava was unable to come up with the larger shipment. A review of that actual conversation between Martinez, Bradley and Agent Stickles reveals that Bradley and Stickles made some offhand comments about the quantity being less than they desired, but Martinez never suggested that he knew of any prior agreement for a larger amount. Furthermore, contrary to the district court's finding, it appears from Stickles' testimony that Nava, not Martinez, wanted the follow-up delivery made by Terry Ramberg.
 
 
 7
 The district court also relies on the trial testimony of Hal Bradley. According to the district court's findings, Bradley testified that Nava said Martinez would be delivering cocaine with Greg Morales. In addition, Bradley supposedly testified about a second shipment. Reference is made to pages 436 and 437 of the trial transcript. A review of those pages reveals no testimony suggesting that Martinez was involved in another shipment.
 
 
 8
 Finally, the district court, referencing a transcript of a recorded conversation between the co-conspirators, found that Martinez, Bradley and Morales discussed the next delivery of cocaine. The district court cites to page 539 of the trial transcript. That page of the transcript reveals nothing more than confusion on Martinez' part and does not evidence that Martinez agreed to deliver a second shipment. Furthermore, even if the conversation on page 539 could be construed as evidencing an intent by Martinez to deliver another shipment, there is no mention of quantity and, therefore, this conversation is not evidence in support of the district court's finding that Martinez was responsible for between 2 to 37 kilograms in additional to the 13 he actually delivered.
 
 
 9
 The government contends that additional evidence supports the district court's findings. Particularly, the government contends that the testimony at trial established that Martinez and Bradley discussed a fee for transporting an additional 50 kilograms of cocaine. Although Martinez did indicate that he wanted to "drive some more," Martinez' conversation with Bradley is insufficient to support the district court's finding regarding the amount of drugs because it does not appear that Martinez agreed to deliver any particular amount of drugs. The court's finding that Martinez was responsible for 15 to 50 kilograms is therefore clearly erroneous.
 
 II.
 
 10
 The district court adopted the following factual findings in support of Clark's sentence:
 
 
 11
 The Probation Presentence Report correctly found that defendant Clark was responsible for 15 to 50 kilograms of cocaine. This included approximately ten kilograms purchased from Hal Bradley, four kilograms seized from Clifford Totty on the way to Clark and Terry Ramberg, and five kilograms sold by Augustin Nava to Clark and Ramberg.
 
 
 12
 The district court did not clearly err in attributing more than 15 kilograms to Clark.
 
 
 13
 Bradley stated that he oversaw between four and five shipments of cocaine to Ramberg and Clark and that each shipment was between two and three kilograms. Although Bradley testified that of the four or five times he sold cocaine to Ramberg, twice he came without Clark, he also testified that he believed Clark to be Ramberg's partner.
 
 
 14
 The district court could have concluded that Ramberg and Clark were partners and that the sales where Clark was not present were in furtherance of Ramberg's and Clark's jointly undertaken criminal activity and reasonably foreseeable because similar transactions had previously occurred, of which Clark was aware. Thus, the district court's finding that 10 kilograms of cocaine purchased from Bradley are attributable to Clark is not clearly erroneous.
 
 
 15
 Although Clark contends that he had never met Totty and that he was in Mexico at the time of the arrest, Totty testified at trial that Bradley asked him to deliver drugs to Terry Ramberg and Al Clark in Minnesota. The district court was entitled to believe Bradley's testimony over Clark's. Thus, the district court did not clearly err in attributing these four kilograms to Clark.
 
 
 16
 Finally, the district court did not clearly err in holding Clark responsible for five kilograms sold by Nava. Nava testified that he had given the five kilograms of cocaine to Terry Ramberg by order of Hal Bradley. Nava testified that Clark was present during the conversation regarding the five-kilogram deal and that Clark accompanied Ramberg when he picked up the cocaine. Given the partnership relationship between Ramberg and Clark and given Clark's presence during the negotiation and delivery of the five kilograms, the sale was reasonably foreseeable and would appear to be in furtherance of Clark's and Bradley's partnership.
 
 III.
 
 17
 The district court did not clearly err in imposing a two-level enhancement for Clark's obstruction of justice. The district court found:
 
 
 18
 The enhancement for obstruction of justice was appropriate because the defendant repeatedly lied about his involvement in the cocaine conspiracy and his lies were about material issues in the case. He claimed no involvement in a drug conspiracy, and denied ever possessing, transporting, discussing, or paying for cocaine. He denied knowing any of the many co-conspirators who testified against him and were involved in a drug conspiracy, including Hal Bradley and Augustine Nava, who sold him cocaine, Larry Swartz, who transported him to buy cocaine, and Terry Ramberg, his close friend who was his partner in drug transactions. These are all material issues, and the defendant's false testimony was intended to substantially effect the outcome of the trial.
 
 
 19
 Such findings are sufficient under United States v. Dunnigan, 113 S.Ct. 1111 (1993). See also United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir.1994) (upholding enhancement for obstruction of justice where the district court referenced the defendant's false statements and his "obvious" intent to "separate himself from any criminal culpability of the" other defendants and concluded that these statements significantly impeded the officers "in the proper prosecution of the case").
 
 IV.
 
 20
 Finally, the district court did not err in believing it did not have the authority upon remand to depart downward for Clark's minor role in the offense. Where a remand is not limited, resentencing is conducted de novo and the district court "may take any matter into account and may hear any evidence relevant to sentencing." United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995); United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir.1994). However, we remanded for the limited purpose of allowing the district court to make specific findings regarding the amount of drugs and the obstruction of justice enhancement. The district court was not free to revisit the issue of Clark's role in the offense.
 
 V.
 
 21
 We VACATE Martinez' sentence and REMAND for resentencing based on 13 kilograms of cocaine. We AFFIRM Clark's sentence.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court's factual findings in support of the sentence imposed are generally reviewed for clear error. United States v. Ogbuehi, 18 F.3d 807, 814 (9th Cir.1994). Although this court has criticized district courts for delegating to the parties the task of preparing the factual findings supporting the district court's ruling, the standard of review of such findings is still clear error. Hagans v. Andrus, 651 F.2d 622, 626 (9th Cir.), cert. denied, 454 U.S. 859 (1981)