105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Luis A. RAMIREZ-TORRES, Defendant-Appellee.
 No. 96-50078.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Dec. 19, 1996.
 
 Before BRUNETTI, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States challenges the district court's failure to apply the obstruction of justice enhancement under § 3C1.1 of the Sentencing Guidelines in sentencing Appellee Luis Ramirez-Torres to a sixty-three month sentence. Ramirez-Torres pled guilty to a one-count indictment charging him with possession with intent to distribute approximately 1,125 pounds of cocaine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the imposed sentence and remand for resentencing.
 
 
 3
 On August 6, 1995, the United States Border Patrol arrested Appellee in possession of 1,125 pounds of cocaine. Appellee had no identification and told the arresting officers that he was born on March 25, 1978. If that date had been Appellee's actual date of birth he would have been 17 years old at the time of his arrest and therefore a juvenile under the law. On August 7, 1995, the United States Attorney filed an Information charging Appellee, as a juvenile, with possession with intent to distribute approximately 1,125 pounds of cocaine in violation of 18 U.S.C. § 5032 and 21 U.S.C. § 841(a)(1). That same day, Appellee appeared in federal court before a magistrate judge and told the court that he was born on March 25, 1978. The magistrate therefore ordered that Appellee be "detained as a juvenile."
 
 
 4
 On August 18, 1995, pursuant to the Government's request, an evidentiary hearing was held before the United States District Court to determine Appellee's true age. At this hearing, the Government presented a facsimile of a certified copy of Appellee's Mexican birth registration which showed that Appellee was born on March 25, 1976, and not 1978 as Appellee had told the arresting officers and the magistrate judge. Appellee presented no evidence but objected to the admission of the facsimile. The district court agreed with Appellee and ruled that the Government was required to provide additional authentication in the form of a declaration of an American consular official. The court then continued the hearing to "have [the Government] do some additional work to get the authentication" and to give Appellee a chance to present the testimony of a family member regarding his date of birth.
 
 
 5
 The age determination hearing resumed on August 29, 1995. At that hearing, the Government produced an original copy of Appellee's Mexican birth registration, certified by both an officer of the Mexican Civil Registry and the United States Consul in Guadalajara, Mexico. Neither Appellee nor his counsel attempted to recant Appellee's previous statements to the arresting officer or his testimony before the magistrate judge. The district court ruled that Appellee was an adult.
 
 
 6
 Upon the conclusion of the second hearing, the United States dismissed the juvenile charges, and filed a criminal complaint charging Appellee as an adult. Appellee was transferred from the juvenile facilities to a correctional center. Up until that point, Appellee had been kept in a juvenile facility, the hearings had been closed to the public, and all pleading had been sealed, pursuant to the special protections outlined in the Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. §§ 5031-5042.
 
 
 7
 On October 16, 1995, Appellee pled guilty to violations of 18 U.S.C. § 5032 and 21 U.S.C. § 841(a)(1). On January 16, 1996, the district court sentenced Appellee to the custody of the Bureau of Prisons for sixty-three months to be followed by five years of supervised release. Both the United States and the Probation Department recommended that the court impose the enhancement for obstruction of justice based upon Appellee's lies about his age and the resulting, extensive juvenile proceedings. During sentencing, Appellee admitted that he lied to the magistrate judge. Nonetheless, the court refused to impose the adjustment for obstruction of justice.
 
 
 8
 The court acknowledged that Appellee falsely told the magistrate judge that he was a juvenile and that the parties "litigated the whole issue extensively." However, the court was "not at all surprised" that Appellee lied, "given the huge amount of cocaine that was involved in this;" because other defendants lie and do not receive the enhancement; because Appellee "is on the youthful side of offenders;" and because Appellee "was standing on his legal right" to require the Government to prove that he is an adult, as "it would make a huge difference in his sentence that he receives, as we all know." The court concluded that it simply did not "feel like penalizing him for that."
 
 
 9
 The issue in this case is whether the district court erred in refusing to impose a two-level enhancement for obstruction of justice under § 3C1.1 of the Sentencing Guidelines where Appellee lied to the court about his age and claimed to be a juvenile. The obstruction of justice enhancement is mandatory once a proper supporting factual finding is made. U.S.S.G. § 3C1.1; United States v. Sherwood, 98 F.3d 402, 415 (9th Cir.1996); United States v. Ancheta, 38 F.3d 1114, 1117-18 (9th Cir.1994).
 
 
 10
 The district court erred in failing to apply the Guideline enhancement for obstruction of justice under § 3C1.1. Following his arrest, Appellee lied to a magistrate judge by claiming to be a juvenile. Based on these facts, the district court's apparent belief that the application of § 3C1.1 was discretionary is erroneous.
 
 
 11
 The language of section 3C1.1 of the Sentencing Guidelines is mandatory. Section 3C1.1 provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1. The Application Notes to § 3C1.1 present examples of conduct to which the enhancement applies. Application Note 3(f) states that § 3C1.1 applies to the conduct of "providing materially false information to a judge or magistrate." § 3C1.1, comment. n. 3(f). When a defendant makes false statements to a judge or magistrate the enhancement applies automatically. See U.S.S.G. § 3C1.1, comment. n. 3(f). Once factual findings support the application of the Guideline, the enhancement is not discretionary, but mandatory. U.S.S.G. § 3C1.1; Ancheta, 38 F.3d at 1117-18.
 
 
 12
 In the present case, Appellee did not dispute the fact that he lied to a magistrate judge. Appellee's true age was material to court proceedings where the goal of the proceedings was to determine his age. If Appellee had succeeded in his lie, he would have been sentenced to a dramatically lower sentence as a juvenile. The district court therefore erred in failing to apply the § 3C1.1 enhancement.
 
 
 13
 We VACATE Appellee's sentence and REMAND for resentencing consistent with this opinion.
 
 
 14
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3