116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,
v.
Jaime GONZALEZ-CANCHOLA, Defendant-Appellant, Cross-Appellee.
 Nos. 96-50444, 96-50504.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 9, 1997.*
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Southern District of California No. CR-96-00276-MLH; Marilyn L. Huff, District Judge, Presiding.
 Before: WALLACE, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaime Gonzalez-Canchola ("Gonzalez") appeals his conviction for Importation of Marijuana (21 U.S.C. §§ 952, 960) and Possession of Marijuana with Intent to Distribute (21 U.S.C. § 841(a)(1)), arguing that the district court improperly allowed the Government to introduce and argue Gonzalez's unemployment status as proof of motive. The Government cross-appeals the sentence, arguing that the district court improperly failed to enhance Gonzalez's offense level for obstruction of justice. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction, but vacate the sentence and remand for resentencing.
 
 
 3
 A. The Conviction.
 
 
 4
 Assuming, for the purpose of this disposition, that it was error to admit evidence regarding Gonzalez's unemployment status to prove motive, it was clearly harmless. The only disputed issue in the case was whether or not Gonzalez knew that the van he was driving contained marijuana. There was no dispute that the van contained marijuana, that Gonzalez was driving that particular van, or that the van had a strong odor of fabric softener (indicating an attempt to mask the odor emanating from the drugs). Gonzalez presented conflicting stories regarding the ownership of the van and his purpose for driving it into the United States. In the face of this overwhelming, independent evidence of Gonzalez's guilt, any error in admitting evidence that Gonzalez was unemployed was harmless.
 
 
 5
 B. The Sentence.
 
 
 6
 The Government is correct that "[u]pon a proper determination that the accused has committed perjury at trial, an enhancement of sentence is required by the Sentencing Guidelines." United States v. Dunnigan, 507 U.S. 87, 98 (1993). See also United States v. Sherwood, 98 F.3d 402, 415 (9th Cir.1996) (holding that the "[o]bstruction enhancement [for perjury under § 3C1.1] is mandatory once a proper supporting factual finding is made"). Once the district court determines that the defendant committed perjury, the court must raise the defendant's offense level by two levels. U.S.S.G. § 3C1.1, comment. (n.3(b)).
 
 
 7
 However, the district court must make "sufficient factual findings to support the enhancement.... The required findings are (1) false testimony, (2) on a material matter, (3) with willful intent." United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir.1994). See also United States v. Robinson, 63 F.3d 889, 892 (9th Cir.1995) (same)
 
 
 8
 The district court's findings in this case are incomplete. At the sentencing hearing, the district court stated the following:
 
 
 9
 Well, in this case, although the Court believes that [Gonzalez] was not truthful on the stand, and the jury believed that he was not truthful on the stand, the Court's not going to punish him for electing to go to trial.
 
 
 10
 I'm not going to give the two-level enhancement for obstruction.
 
 
 11
 Later in the hearing, the district court concluded:
 
 
 12
 Although the Government requests obstruction of justice, and although the Court has seriously contemplated that based on the Court and the jury's determination of the untruthfulness of the Defendant, because the Defendant elected to go to trial the Court will not apply the obstruction of justice, although that's a very close issue.[1]
 
 
 13
 The district court's only finding here is that Gonzalez presented false testimony. There are no specific findings regarding the materiality of that testimony or whether the testimony was presented with a willful intent to deceive. Therefore, we vacate Gonzalez's sentence and remand the case to the district court with instructions to make sufficient factual findings of whether Gonzalez presented false testimony (1) "on a material matter," and (2) "with willful intent." If the district court finds these additional facts, a two-level enhancement to Gonzalez's offense level is required.
 
 CONCLUSION
 
 14
 We affirm Gonzalez's conviction, but vacate Gonzalez's sentence and remand the case to the district court for further proceedings and resentencing consistent with this disposition.
 
 
 15
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It is not within the district court's discretion to refuse to apply the obstruction adjustment for perjury simply because the defendant chose to go to trial. The defendant's choice to go to trial does not grant the defendant a license to lie. Cf. Ancheta, 38 F.3d at 1117-18 (rejecting defendant's argument that the district court may refuse to apply the perjury enhancement if the court believes the defendant's punishment was already adequate)