**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles C. MILLER, Defendant–**
**Appellant.**

No. 99–30355.

D.C. No. CR–97–00051–C.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2001[1].

Decided March 13, 2001.

## MEMORANDUM [2]

Charles Miller appeals the 121–month sentence imposed following his jury conviction for various bank and mail fraud offenses. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Miller contends that the district court erred when it applied a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice because the district court's findings were insufficient. We review for clear error the district court's factual findings that the defendant obstructed justice.[3] We review de novo whether the district court's factual determinations were sufficient to support an enhancement under U.S.S.G. § 3C1.1.[4]

■ The district court made the following findings at sentencing:

"I have a vivid recollection of Mr. Miller's testimony regarding the United Construction transaction in which he claimed no knowledge of the transaction and that he was very upset or, to use his terms, blew a gasket when he learned of the plan...he would never have deposit-

ed a CDC into a bank account and withdraw the funds without first talking to the bank.

The testimony was clearly false, and it was vividly displayed to be false when the tape recording of the conversation with Mr. Schweitzer was played. It was regarding a material matter."

These findings were sufficient to support the application of an enhancement for obstruction of justice.[5] Accordingly, the district court did not err by applying the enhancement.[6]

AFFIRMED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

3. See United States v. Ancheta, 38 F.3d 1114, 1117–18 (9th Cir.1994).

4. See United States v. Ford, 989 F.2d 347, 351 (9th Cir.1993).

5. See U.S.S.G. § 3C1.1 cmt. n. 4(f) (listing the provision of providing "materially false infor-

mation to a judge or magistrate" as an example of the type of conduct that warrants an enhancement for obstruction); see also United States v. Sherwood, 98 F.3d 402, 415 (1996) (affirming the application of an enhancement pursuant to § 3C1.1 where the district court determined that a defendant gave false testimony at a suppression hearing concerning a material issue).

