UNITED STATES of America,
Plaintiff–Appellee,

v.

Mostafa BOUSTAN, Defendant–
Appellant.

No. 99–10616.
D.C. No. CR–99–00282–1–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2001.

Decided May 15, 2001.

Before O'SCANNLAIN and W. FLETCHER, Circuit Judges, and KELLEHER, District Judge.[*]

## MEMORANDUM [**]

Mostafa Boustan appeals his judgment of conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), and his sentence thereto. Boustan appeals his conviction on the ground that the government violated his constitutional rights by exercising a peremptory challenge to strike a non-Caucasian potential juror. He appeals his sentence on the grounds that the district court erroneously imposed a two-level enhancement for obstruction of justice, and improperly based his sentence on prior aggravated felony convictions which were not charged in the indictment or proved to the jury beyond a reasonable doubt. The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary.

## I

Boutsan argues that the government violated his constitutional rights when it exercised a peremptory challenge in a racially-discriminatory manner, in violation of the principles set forth in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). "A challenge under *Batson* involves a three-step analysis. The movant must first make a prima facie case showing that the prosecution has engaged in a discriminatory use of a peremptory challenge. Second, once the claimaint has established a prima facie case, the burden shifts to the prosecutor to articulate a race-neutral or gender-neutral explanation for the challenge. Third, the trial court must determine whether the defendant has established purposeful discrimination." *Cooperwood v. Cambra*, 245 F.3d 1042, 1044 (9th Cir.2001) (citations omitted). "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral." *Stubbs v. Gomez*, 189 F.3d 1099, 1105 (9th Cir.1999) (quoting *Hernandez v. New York*, 500 U.S. 352, 360, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality opinion)). If a prosecutor offers a race-neutral explanation for the peremptory challenge, the question whether the defendant made his prima facie showing is rendered moot, and our review is limited to the second and third steps of the *Batson* analysis. *Id.* at 1104.

■ Here, the prosecutor met his burden under *Batson*'s second step by articulating a facially-valid, race-neutral explanation for the peremptory challenge: The prosecutor said that he was concerned about the potential juror's extreme nervousness, and that he was worried that the potential juror would not exercise independent judgment during jury deliberations. The district court complied with *Batson*'s third step when it determined that this peremptory challenge did not establish purposeful discrimination in jury selection. Faced with a potential juror paralyzed with fright, it was not clear error for the district court to accept the prosecutor's facially valid, race-neutral explanation, and to conclude that the prosecutor did not engage in purposeful discrimination when selecting the jury. *Cf. United States v. Power*, 881 F.2d 733, 740 (9th Cir.1989) (holding that it was not clear error for the district court to permit the prosecution to

[*] The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

strike a potential juror based on his fidgeting and inattentiveness during jury selection).

## II

■ Boustan argues that the district court erroneously imposed a two-level enhancement for obstruction of justice when calculating his offense level. The district court based the enhancement on Boustan's false statement at his initial appearance, where he told the magistrate judge that he entered the United States legally, and that an INS official removed and destroyed a letter stapled to his passport authorizing his entry into this country. Boustan now concedes that this statement was a "misrepresentation," but argues that it cannot serve as the basis for an obstruction of justice enhancement because the statement was immaterial, it did not influence the magistrate judge's decision to detain him, and it was not the actual cause of pretrial delays.

■ A false statement presented to a judge, magistrate, probation officer, or pretrial officer need not actually impede an investigation or prosecution to constitute an "obstruction of justice" as that term is used in Sentencing Guidelines § 3C1.1. *United States v. Solano–Godines*, 120 F.3d 957, 963 (9th Cir.1997). Instead, a false statement can serve as the basis for this enhancement if it had the potential to mislead or impede the machinery of justice. *United States v. Ancheta*, 38 F.3d 1114, 1118 (9th Cir.1994). Here, Boustan's false statement had the potential to obstruct or delay his prosecution: It could have influenced the magistrate judge's choice between detaining Boustan before trial, or granting him bail. The statement also had the potential to postpone his trial by occasioning a delay during which the government would try to obtain evidence supporting or refuting Boustan's story. Under the Sentencing Guidelines, *Solano–Godines*, and *Ancheta*, the district court did not commit clear error when it increased Boustan's offense level for obstruction of justice.

## III

■ Boustan argues that he received an illegal sentence because the government did not charge his prior aggravated felony convictions in his indictment or prove them to the jury beyond a reasonable doubt, in violation of the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We rejected this very argument, and the suggestion that *Apprendi* overruled *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000). In *Pacheco–Zepeda*, we held that "the government was not required to include [the defendant's] prior aggravated felony convictions in the indictment, submit them to a jury, or prove them beyond a reasonable doubt, and the district court properly considered such convictions in sentencing." *Id.* at 415. The district court properly considered Boustan's prior aggravated felony convictions when calculating his sentence.

AFFIRMED.