UNITED STATES of America,
Plaintiff—Appellee,

v.

Fausto Jaime GUTIERREZ,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Augustin Antonio Gonzalez Meza,
Defendant—Appellant.

Nos. 01–10688, 01–10730.
D.C. No. CR–00–05441–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Fausto Jaime Gutierrez and Augustin Antonio Gonzalez Meza appeal their 188–month sentences imposed after a jury convicted them of possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Gutierrez and Meza contend that the district court erred by enhancing their respective offense levels two points for obstruction of justice under U.S.S.G. § 3C1.1. Both argue that the evidence was insufficient to sustain the district court's findings that they committed perjury when they testified at trial.

Because Gutierrez and Meza objected to the sentence enhancement, the district court was required to review the evidence and make independent findings that each defendant's testimony was (1) false, (2) material, and (3) willful. *See United States v. Dunnigan,* 507 U.S. 87, 94–95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The district court made the required independent factual findings and they are supported by a preponderance of the evidence.[1] Thus, the district court did not clearly err by determining that Gutierrez and Meza obstructed justice. *See United States v. Ancheta,* 38 F.3d 1114, 1117 (9th Cir.1994) (district court's determination that defendant obstructed justice within the meaning of U.S.S.G. § 3C1.1 is a factual finding reviewed for clear error).

Gutierrez further argues that application of the section 3C1.1 sentence enhancement based on a defendant's trial testimony undermines the constitutional right to testify. This argument has been rejected by the Supreme Court. *See Dunnigan,* 507 U.S. at 96–97. Finally, Gutierrez's argument that he did not obstruct justice because his testimony did not actually impede the trial or interfere with the jury's verdict is not persuasive. *See United States v. Baker,*

894 F.2d 1083, 1084 (9th Cir.1990) ("section 3C1.1 on its face encompasses 'attempted' obstruction of justice as well as actual obstruction").

**AFFIRMED.**

---

1. We reject Gutierrez's contentions that the district court erred by failing to (1) state on the record what standard of proof applied to the perjury findings, and (2) apply the "clear and convincing evidence" standard. Because Gutierrez received only a two-level upward adjustment to his offense level, the preponderance of the evidence standard applied to the perjury findings. *See United States v. Jordan,* 256 F.3d 922, 934–35 (9th Cir.2001)

(O'Scannlain, J., concurring) ("clear and convincing" standard of proof applies when the enhancement is greater than four levels and more than doubles the applicable sentencing range).

