**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ione YOUNG GRAY, Defendant–Appellant.**

No. 02–55655.

D.C. Nos. CV–00–10453–WDK, CR–96–00717–WDK–01.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Ione Young Gray appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion to vacate the sentence imposed after a jury trial conviction for making false statements on loan applications. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see Sanchez v. United States,* 50 F.3d 1448, 1451–52 (9th Cir.1995), we affirm.

Gray contends that she was denied due process when the court misstated the rea-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Gray's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sonable doubt standard during one jury instruction.[1] Since Gray did not object to the jury instruction at trial, we review for plain error. *United States v. Jimenez*, 258 F.3d 1120, 1124–25 (9th Cir.2001).

Considering the jury instructions as a whole, we conclude that the court's one misstatement did not constitute plain error since (1) the court "repeatedly and exhaustively reminded the jury of the correct legal standard"; (2) the court provided the jury with proper written instructions; and (3) defense counsel correctly discussed the reasonable doubt standard during closing argument. *See United States v. Ancheta*, 38 F.3d 1114, 1116–17 (9th Cir.1994); *see also United States v. Marin–Cuevas*, 147 F.3d 889, 893 (9th Cir.1998) (stating that the test for error is whether the jury instructions "taken as a whole were misleading or represented a statement inadequate to guide the jury's deliberations") (internal quotations omitted).

Even assuming that the court's one misstatement during jury instructions was improper, Gray has not demonstrated that the jury instruction "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that petitioners are entitled to habeas relief only if a trial-type error, in light of the record as a whole, had a substantial and injurious effect or influence on the jury's verdict). Accordingly, the district court did not err

by denying Gray's § 2255 motion. *See* 28 U.S.C. § 2255.

AFFIRMED.

---

1. We decline to address Gray's other contentions since the certificate of appealability (COA) did not encompass those issues, and this court denied her motion to broaden the COA. *See* 28 U.S.C. § 2253(c).

