**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10283 |
| Plaintiff - Appellee, | D.C. No. CR-04-05372-OWW |
| v. | |
| SEVERO RAMIRO PEÑA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted May 10, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Severo Ramiro Peña was convicted of mail fraud and identity theft in

violation of 18 U.S.C. §§ 1341 and 1028(a)(7), related to a scheme in which he

stole $124,819 in unemployment checks. He raises several issues on appeal. We

have jurisdiction under 28 U.S.C. § 1291. We assume the parties' familiarity with

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the facts and procedural history of this case and discuss them only as necessary to explain our decision. We affirm.

First, the district court did not err by failing to sua sponte hold a competency hearing. While visibly upset, Peña's behavior during the attempted plea colloquy was neither irrational, nor did it demonstrate that Peña lacked a "factual understanding of the proceedings against him." *United States v. Marks*, 530 F.3d 799, 814 (9th Cir. 2008) (internal quotation marks omitted). Rather, Peña understood the nature of the charges against him as well as the potential consequences should he be convicted.

Next, the district court was under no obligation to advise Peña that he could enter a plea of nolo contendere rather than plead guilty. Peña offers no legal authority for imposing such an obligation on the district court, and we know of none. Nor was it error for the district court to reject Peña's guilty plea after Peña's lawyer expressly declared that Peña no longer wanted to plead guilty. *See* Fed. R. Crim. P. 11(b)(2) (requiring the court to ensure a plea is voluntary before accepting it).

Peña's numerous challenges to his sentence are also without merit. First, sentencing enhancements for the amount of loss caused by a fraud and the number of victims need not be supported by facts presented to a jury for proof beyond a

2

reasonable doubt. *United States v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010) ("Ordinarily, a district court uses a preponderance of the evidence standard of proof when finding facts at sentencing, such as the amount of loss caused by a fraud."); *United States v. Armstead*, 552 F.3d 769, 776–77 (9th Cir. 2008) (upholding use of the preponderance standard for amount of loss and number of victims).

Second, a two-level enhancement was warranted based on the district court's finding that Peña willfully obstructed or impeded the administration of justice. *See* U.S. Sentencing Guidelines Manual § 3C1.1 (2006). The district court made specific findings as to both falsity and willfulness, neither of which is clearly erroneous. *See United States v. Ancheta*, 38 F.3d 1114, 1117 (9th Cir. 1994). While the district court did not explicitly mention that Peña's false statements were about a material matter, that omission amounted to harmless error. *See United States v. Gonzalez-Florez*, 418 F.3d 1093, 1101 (9th Cir. 2005). The district court specifically identified Peña's perjurious statements and each of them concerned the elements of the offenses of conviction. *See* U.S.S.G. § 3C1.1 cmt. n.6 (defining "material" as a statement "that, if believed, would tend to influence or affect the issue under determination").

Third, the district court did not err in applying a two-level enhancement based on a finding that Peña played a managerial role in the offense. *See* U.S.S.G. § 3B1.1(c). The district court correctly determined that Peña enlisted and supervised four other individuals in the scheme—three individuals responsible for receiving checks and one for cashing them. *See United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000) ("When a defendant supervises other participants, she or he need exercise authority over only one of the other participants to merit the adjustment. A single incident of persons acting under a defendant's direction is sufficient evidence to support a two-level role enhancement." (internal citation omitted)).

Fourth, the district court did not abuse its discretion in declining Peña's request for a sentence lower than the applicable Guidelines range. The district court expressed several times throughout the course of the sentencing that Angel Magadan's role in Peña's scheme was extremely questionable, and clearly the district court was not convinced that Magadan was responsible for the entire fraudulent scheme, or that a lower Guidelines range based on U.S.S.G. § 5K2.12 was warranted. Rather, the district court adequately considered the section 3553(a) factors, "listen[ed] to [Peña's] arguments and then simply f[ound] the circumstances insufficient to warrant a sentence lower than the Guidelines range."

4

*United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009) (internal quotation marks and alterations omitted).

Finally, the district court did not err in ordering forfeiture of $124,819. While we acknowledge the due process concerns that may arise when the government seeks forfeiture in an amount well in excess of specific amounts alleged in the indictment, we find no such violation here. The indictment adequately alleged a general "scheme and artifice to defraud." That general scheme was part of each count of conviction – as an element of the mail fraud counts, *see* 18 U.S.C. § 1341, and as part of the predicate offense for the identity theft counts, *see* 18 U.S.C. § 1028(a)(7). Moreover, the forfeiture allegation in the indictment notified Peña that the government would, upon conviction, seek "all property involved in violation of Title 18 U.S.C. § 1341, or aiding and abetting the commission of such offense, for which the defendant is convicted, and all property traceable to such property, including . . . all property . . . that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." *See also* Fed. R. Crim. P. 32.2(a) ("The indictment or information need not identify . . . the amount of any forfeiture money judgment that the government seeks."). The government also presented evidence, both at trial and before the district court during the forfeiture hearing, that Peña obtained through

5

the scheme $124,819 worth of unemployment insurance checks. On these facts, the government was entitled to seek forfeiture of that amount and not limited to amounts related to the specific checks and victims alleged in the in the twenty counts of conviction. *See* 18 U.S.C. § 981(a)(1)(C) (authorizing civil forfeiture of property that "constitutes or is derived from proceeds traceable to a violation of" offenses including Peña's); 28 U.S.C. § 2641(c) (authorizing notice of forfeiture in a criminal indictment and order of forfeiture as part of a criminal sentence "if the defendant is convicted of the offense giving rise to the forfeiture").

**AFFIRMED.**