**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

TRISTAN JAMAL GRANT,

            Defendant - Appellant.

No. 13-30106

D.C. No. 3:12-CR-00063-SLG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 14, 2014[**]
Anchorage, Alaska

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

    Tristan Jamal Grant appeals his conviction for possession of a controlled

substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

(b)(1)(C), and his resulting 47-month sentence.  We affirm Grant's conviction and sentence.

1.     Grant challenges the sufficiency of the evidence supporting his conviction for possession of a controlled substance with intent to distribute.  Grant was found with 1.69 grams of crack cocaine divided into 13 individual doses, a scale with cocaine residue, multiple cell phones, and over $1,000 in cash.  Prior to his arrest, law enforcement observed two individuals enter the back seat of Grant's car and leave in less than two minutes.  Although Grant explained how most of the evidence could be consistent with Grant's personal use of crack, the government offered a competing characterization consistent with distribution of crack.  Taking the evidence in a light favorable to the government, a rational jury could have agreed with the government and found Grant's guilt beyond a reasonable doubt. *United States v. Norwood*, 603 F.3d 1063, 1068 (9th Cir. 2010).

2.     The district court properly applied a two-level obstruction of justice sentencing enhancement.  U.S.S.G. § 3C1.1.  The district court found that Grant perjured himself by testifying that the crack cocaine was intended only for personal use, not distribution.  The materiality and willful intent behind the false statement, which was designed to negate an element of the charged offense, are apparent from the record.  *See United States v. Ancheta*, 38 F.3d 1114, 1118–19 (9th Cir. 1994).

2

Because we find that the enhancement was properly based on Grant's trial testimony, we do not reach alternate bases for the enhancement. *Id.* at 1119.

3.      The district court properly applied a two level enhancement for possession of a firearm during a drug trafficking offense. U.S.S.G. § 2D1.1(b)(1). The district court did not clearly err by finding Grant possessed a firearm by a preponderance of the evidence because there was ample evidence supporting Grant's awareness of the gun. Nor was it an abuse of discrection to apply the enhancement because, given the record, it was not "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Application Note 11(A).

**AFFIRMED.**